## TRIPLEX SAFETY GLASS CO. OF NORTH AMERICA v. DUPLATE CORPORATION.

District Court, W. D. Pennsylvania.

Nov. 16, 1929.

738

Drury W. Cooper and William B. Greeley, both of New York City, Jo Bailey Brown, of Pittsburgh, Pa., and Thomas J. Byrne, of New York City, for plaintiff.

Charles Neave, of New York City, and Marshall A. Christy, of Pittsburgh, Pa. (James C. Bradley, of Pittsburgh, Pa., and C. H. Biesterfield, of counsel), for defendant.

SCHOONMAKER, District Judge.

This is a patent suit involving Benedictus patent, No. 1,182,739, issued May 9, 1916.

Claim 12 in that patent is in suit:

"12. As a new article of manufacture, a sheet of celluloid faced on both sides and in the order named by sheets of gelatin and glass, all rigidly and autogeneously united together, and the gelatin being substantially free from contained moisture, as described."

The patent relates to nonshatterable glass. In the prior art the strengthening of glass by inserting a sheet of celluloid between the sheets of glass was known, and the use of balsam for causing the sheets of glass and celluloid to adhere together was disclosed in the prior patent of Wood. The fact that gelatin might be used as an adhesive was also known to the prior art.

The plaintiff contends that Benedictus brought to the art the use of gelatin substantially free from contained moisture as an adhesive element in causing the sheets of celluloid and glass to adhere together.

We find this to be so. The product resulting from the use of this new especially prepared adhesive, therefore, brought to the art a new article of manufacture. Is it then a product for which a patent should issue? That it was a useful invention is evidenced by the fact that it has been largely used in the automobile trade for automobile windshields and windows, and in such use has a tendency to reduce the danger of personal injuries by collision of automobiles due to flying glass. It appears, in fact, that 60 per cent. of personal injuries in automobiles is due to flying glass. The plaintiff has developed a large trade; and this glass has come into general use. The Ford Motor Company has taken a license under the Benedictus patent.

We have no hesitation in concluding that the patent is valid; that there was a real invention in bringing to the art the product made by adhesion of celluloid and glass with the use of gelatin that is substantially free from contained moisture. It was thoroughly demonstrated that using wet gelatin or sticky gelatin for the purpose of cementing together the sheets of glass and celluloid resulted in a product which was streaked and cloudy, took away from the clear visibility that was produced by the use of gelatin from which the moisture had been substantially subtracted. The use of this dehydrated gelatin as a cement was not mere improvement in a crowded art. Benedictus was the first to bring to the art the use of gelatinous cement which would provide an unclouded glass. We therefore hold his claim 12 valid, and construe it broadly as bringing to the art a new product, i. e., laminated glass, in which the constituent elements of celluloid and glass have been cemented together with a gelatin which has been substantially dehydrated.

We need next to determine whether or not the defendant by its product has infringed the patent. We find from the evidence that the defendant in its product uses glass and celluloid cemented together by a thin film of gelatin in substantially the same manner as that disclosed by the Benedictus patent. In other words, the defendant uses for cement a gelatin from which the moisture has been substantially extracted by heat. That was the main disclosure of the Benedictus patent, i. e., the fact that gelatin which is practically dry to sight and to touch could be used under heat and pressure so as to cause sheets of glass and celluloid to adhere and thus produce a strengthened glass with no impairment of transparency. That was the real invention of Benedictus.

The defendant has incorporated in its product that very element. There is evidence that the moisture content of the gelatin used by the defendant is much greater than the gelatin used by the plaintiff's process, and that the defendant in its process does not use alcohol to further the dehydration of the gelatin. But the main element is there—gelatin with the moisture sufficiently extracted so as to cause the sheets of celluloid and glass to adhere to one another with no impairment of transparency. That is the product of both processes used by the plaintiff and the defendant.

The defendant has sought to construe the claim in suit so that it can only be infringed by the exact process described in the patent, contending that it is a narrow claim and must be limited to exact processes disclosed by the patent, and citing as authority for that, the opinion of the Circuit Court of Appeals of this circuit in the case of Downes v. Teter-Heany Development Co., 150 F. 122.

We do not believe that that case is applicable to the facts of the instant case, because the product is sufficiently described in claim 12, which may therefore be sustained independently of the process or the process claims. Holland Furniture Co. v. Perkins Glue Co., 277 U. S. 245, 254, 48 S. Ct. 474, 72 L. Ed. 868. Here we have a valid patent for a product composed of sheets of glass and sheets of celluloid cemented together with gelatin substantially free from contained moisture. The manner of subtracting the moisture from these cementing elements is not important. The fact that the defendant may not use the alcohol in its process does not mean that it does not use gelatin from which the moisture has been substantially extracted.

The defendant has offered evidence that the cementing gelatin which it uses contains as much as 60 or 70 per cent. of contained moisture. We cannot so hold. From the evidence we find that the cementing gelatin used by the defendant in its product is practically of the same moisture content as that used by the plaintiff in its product under the patent.

We therefore find on the whole case that the patent in suit is valid and has been infringed. The plaintiff is entitled to the relief prayed for in its bill of complaint. Let a decree be submitted accordingly.