## TRIPLEX SAFETY GLASS CO. OF NORTH AMERICA v. DUPLATE CORPORATION et al.

## DUPLATE CORPORATION et al. v. TRIPLEX SAFETY GLASS CO. OF NORTH AMERICA.

### Nos. 6803, 6843.

Circuit Court of Appeals, Third Circuit.

March 7, 1940.

Ambrose L. O'Shea, William B. Greeley, and Redding, Greeley & O'Shea, all of New York City, for Triplex Safety Glass Co.

William Watson Smith, Leon E. Hickman, and Smith, Buchanan & Ingersoll, all of Pittsburgh, Pa., for Duplate Corporation and another.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

BIGGS, Circuit Judge.

The cases at bar involve two appeals growing out of the same state of facts. We will dispose of both in one opinion.

Triplex Safety Glass Company of North America had a decree of Duplate Corporation in the court below to the effect that Benedictus Patent No. 1,882,739 for a process for the manufacture of shatterproof glass was valid and infringed. The opinion of the District Court is reported in 42 F.2d 737. Upon appeal its conclusions were affirmed by this court in 3 Cir., 42 F.2d 739. An accounting for profits and damages was then had before a special master. Because of certain evidence developed before the master, Triplex filed a supplemental bill of complaint and procured a decree against Pittsburgh Plate Glass Company, the owner of 50% of the stock of Duplate, as a contributory infringer, Pittsburgh having supplied Duplate with glass from which the finished product was wrought. The report of the master was confirmed absolutely by the District Court, 10 F.Supp. 420, was modified in some respects by this court upon appeal, 3 Cir., 81 F.2d 352, and was further modified by the Supreme Court, 298 U.S. 448, 56 S.Ct. 792, 80 L.Ed. 1274.

The Supreme Court held that factory losses incurred by Duplate and Pittsburgh as a necessary incident to the completion of sales effected at a gain might be deducted from the cost of producing the infringing articles. It refused to permit an allowance for the cost of glass sold by Duplate to its customers and returned by the customers by reason of after-discovered defects, holding such sales to be mere futilities which did not yield a profit for which the sellers had been charged. The Supreme Court held also that upon an award of damages established upon the basis of a reasonable royalty interest should run from the date when the damages were liquidated and not, as the lower courts had held, from the date of the last infringement.

Upon receipt of the mandate of the Supreme Court the District Court again referred the case to the master for further accounting. The master required the parties to restate the account in accordance with the decision of the Supreme Court. After prolonged hearings, the master filed a report recommending a decree in favor of Triplex in the sum of $1,566,770.39.

Duplate and Pittsburgh thereupon conceded that the sum of $1,008,858.08, with interest, was due from them to Triplex and paid this sum to Triplex with interest from the date of the master's report upon the second accounting. Duplate and Pittsburgh, however, filed exceptions to six items of the master's report aggregating $557,912.31. These exceptions need not be detailed here. The learned District Judge considered them fully, however, in an unreported opinion and entered a decree awarding Triplex $1,523,162.20 with interest on the unpaid balance (the difference between $1,523,162.20 and $1,008,858.08, viz. $514,304.12) from the date of the master's second report. Both parties have appealed from this decree.

The two principal questions presented by the appeals are disposed of by the decision of the Supreme Court which we have already referred to.

 Triplex for its part seeks to have this court allow it interest on the master's award from the end of the infringing period, viz., May 30, 1930, that is to say from the date of the last infringement, or at the latest from January 12, 1934, the date upon which it alleged that the master had before him all necessary data upon which his subsequent award was based. The opinion of the Supreme Court heretofore referred to meets this question and disposes of it completely. The Supreme Court held that interest should run from the date the damages were liquidated, viz., from the date of the master's report stating them. There is nothing more to be said on this subject.

As to the contention of Duplate and Pittsburgh to the effect that they must be credited for the cost of the glass returned by Duplate's purchasers as defective, as we have indicated, the Supreme Court held that the sales of the defective glass were mere futilities and that they did not yield a profit for which Duplate and Pittsburgh had been charged. The Supreme Court, by Mr. Justice Cardozo, stated in part, 298 U.S. page 455, 56 S.Ct. page 795, 80 L.Ed. 1274, "They [these sales] were not preliminary to other sales refilling the same orders. At least there is nothing in the record to imprint that quality upon them. They have no place in the account at all. By the ruling of the master the cost of these futilities was allowed to the infringers. This we think was error." The contention of Duplate and Pittsburgh

is that the record now discloses that the sales of the defective glass were in fact preliminary to other sales refilling the same orders. As to this we need only point out that the provisions of the contracts themselves show that defective glass was not replaced pursuant to the contract, but only if and when a second formal purchase order was given by the purchaser. The sales of defective glass, therefore, do not fall within the exception indicated by Mr. Justice Cardozo but were, as he pointed out, mere futilities which had no place in the account.

We have considered carefully the remaining points raised by the appeals. We think that they do not merit discussion in this opinion.

Accordingly the decree of the court below is affirmed in all respects.